UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TRACEY L. A., | ) |
| | ) |
|        Plaintiff | ) |
| | ) |
| v. | )   No. 2:19-cv-00570-LEW |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|        Defendant | ) |

**REPORT AND RECOMMENDED DECISION**[1]

This Social Security Disability (SSD) appeal raises the question of whether the administrative law judge (ALJ) supportably found the plaintiff capable, as of her date last insured for SSD benefits, of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that the ALJ erred in failing to find a medically determinable impairment of fibromyalgia. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (ECF No. 8) at 2-5. I conclude that any error is harmless and, accordingly, recommend that the court affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff last met the insured status requirements of the Social Security Act

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

on March 31, 2018, Finding 1, Record at 18; that, through her date last insured (DLI), she had the severe impairments of post-traumatic stress disorder and depressive disorder, Finding 3, *id.*; that, through her DLI, she had the residual functional capacity (RFC) to perform a full range of work at all exertional levels but was limited to performing simple tasks, could tolerate only simple changes in routine, and could not tolerate interaction with the public, Finding 5, *id.* at 23-24; that, through her DLI, considering her age (63 years old, defined as an individual closely approaching retirement age, as of her DLI), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id.* at 29; and that she, therefore, had not been disabled from May 5, 2016, her amended alleged onset date of disability, through March 31, 2018, her DLI, Finding 11, *id.* at 30.  The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

## I. Discussion

The plaintiff contends that the ALJ erred in (i) failing to find that she had a medically determinable impairment of fibromyalgia pursuant to the 2010 American College of Rheumatology Criteria, one of two sets of diagnostic criteria recognized by Social Security Ruling

12-2p (SSR 12-2p), and (ii) determining, in the alternative, that, even had her fibromyalgia been medically determinable, it would have imposed no more than minimal limitations. *See* Statement of Errors at 2-5. I conclude that (i) even if the ALJ erred in finding no medically determinable impairment of fibromyalgia, his alternative finding that the condition was nonsevere is supported by substantial evidence, and (ii) even if the ALJ erred in deeming any fibromyalgia impairment nonsevere, the plaintiff falls short of demonstrating harmful error.

The plaintiff argues that the ALJ failed to assess the severity of her fibromyalgia in accordance with *Johnson v. Astrue*, 597 F.3d 409 (1st Cir. 2009), *see id*. at 4, in which the First Circuit concluded that an ALJ who accepted a diagnosis of fibromyalgia "*had no choice* but to conclude that the claimant suffer[ed] from the symptoms usually associated with [such condition], unless there was substantial evidence in the record to support a finding that [the] claimant did not endure a particular symptom or symptoms[,]" *Johnson*, 597 F.3d at 414 (citation and internal quotation marks omitted) (emphasis in original). The First Circuit elaborated:

> The primary symptom of fibromyalgia, of course, is chronic widespread pain, and the Commissioner points to no instances in which any of [the] claimant's physicians ever discredited her complaints of such pain. Given this, we do not think that the ALJ's decision to discredit [the] claimant was supported by substantial evidence.

*Id.*

The plaintiff asserts that the ALJ failed to perform this analysis, citing no substantial evidence that she lacked symptoms typically associated with fibromyalgia. *See* Statement of Errors at 4. She notes that she testified to disabling limitations from pain, including a limited ability to stand and lift that would place her at a less than light RFC, directing a finding of disability for a person of her age who was limited to simple work, and that her primary-care physician, Heidi A. Heap-Chester, M.D., obviously did not discredit her allegations. *See id*. at 3-4; Record at 652 (March 15, 2018, letter from Dr. Heap-Chester stating that the plaintiff's fibromyalgia and Chronic

Fatigue Syndrome contributed to "her total disability[,]" and for six months she had "been mostly bed-couch bound, and not able to get out to socialize, exercise, or be active in the community due to her exhaustion"). She argues that, while the ALJ mentioned "various examinations and activities, none of these is inconsistent with chronic, widespread pain[.]" Statement of Errors at 5 (citations omitted).

As the commissioner observes, *see* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 12) at 14, this court has held that *Johnson* does not stand for the proposition that an ALJ must accept a claimant's subjective allegations at face value even if he or she has a *severe* medically determinable fibromyalgia impairment, *see, e.g., Knudsen v. Colvin*, No. 2-14-cv-155-JHR, 2015 WL 1505689, at *4 (D. Me. Apr. 1 2015). Indeed, SSR 12-2p makes clear that "[o]nce an MDI [medically determinable impairment of fibromyalgia] is established, we then evaluate the intensity and persistence of the person's pain or any other symptoms and determine the extent to which the symptoms limit the person's capacity for work." SSR 12-2p(IV)(B), 2012 WL 3104869, at *5 (July 25, 2012). "If objective medical evidence does not substantiate the person's statements about the intensity, persistence, and functionally limiting effects of symptoms, we consider all of the evidence in the case record, including the person's daily activities, medications, or other treatments the person uses, or has used, to alleviate symptoms; the nature and frequency of the person's attempts to obtain medical treatment for symptoms; and statements by other people about the person's symptoms." *Id*.

The ALJ did just that. He noted, for example, that:

1.      While treatment records prior to the plaintiff's DLI documented "complaints of neck, back, and hand pain, and vague complaints of muscle cramps and joint stiffness, the evidence

fail[ed] to demonstrate the pain was in all four quadrants both above and below the waist." Record at 20 (citations omitted).

2. The plaintiff had "primarily been treated with only herbal supplements and acupuncture for her various complaints," and there was no evidence that she had "sought, required, or received alternate treatment modalities." *Id*. at 20-21 (citations omitted). For example, she had "not been prescribed pain medications on an ongoing basis at any time relevant to this decision[.]" *Id*. at 21. Moreover, treatment records from 2017 and 2018 indicated improvement in (lessening of) her pain. *See id*.

3. Despite Dr. Heap-Chester's "March 15, 2018[,] description of the [plaintiff] as mostly couch-bound and not able to get out to socialize, exercise, or be in the community[,]" the record evidence showed that she was "capable of caring for her personal needs and hygiene, cooking, cleaning, caring for her pets, doing laundry, mowing, plowing and shoveling snow, managing money, paying bills, reading, using a computer, watching television, puttering in her garden, and driving an automobile," as well as socializing via telephone, computer, and in person. *Id*. (citations omitted).

4. The plaintiff's interactions with her treatment providers, which included "a number of instances in the record prior to the [DLI] in which the [plaintiff] criticized or complained about treatment providers when they made findings she did not like[,]" raised "serious questions . . . about the reliability of the [plaintiff]'s subjective complaints to examiners concerning the nature and severity of her symptoms, and their impact on her ability to function." *Id*. at 21.

This constituted substantial evidence that the plaintiff's did not suffer chronic, widespread pain from fibromyalgia. *See, e.g.*, *Beth H. v. Soc. Sec. Admin. Comm'r.,* No. 2:18-cv-00012-JAW, 2018 WL 5043774, at *2 (D. Me. Oct. 17, 2018) (rec. dec. *aff'd* Jan. 8 2019) ("The ALJ . . . cited

reliable evidence (e.g., Plaintiff's account of her activity level, Plaintiff's lack of treatment during and after the claimed period) to support his conclusion that Plaintiff's [fibromyalgia] symptoms and limitations were not as extensive as claimed."); *Breingan v. Astrue*, No. 1:10-cv-92-JAW, 2011 WL 148813, at *8 (D. Me. Jan. 17, 2011) (rec. dec., *aff'd* Feb. 22, 2011) (ALJ "pointed to substantial evidence indicating that the [claimant]'s fibromyalgia did not, as of her [DLI], impose disabling (or, for that matter, chronic, widespread) pain[,]" including her own statements that medication seemed to help and medical records corroborating, consistent with her own testimony, "that her joint and muscle pain became more significant subsequent to her [DLI]").

      As this court noted in *Beth H.*, *Johnson* is distinguishable. In that case, the First Circuit held that an ALJ had erroneously dismissed the claimant's treating rheumatologist's RFC assessment "based on (1) the limited number of consultations (three), (2) a misreading of the record concerning the location and impact of injection therapy, (3) an [erroneous] inference that a recommendation of physical therapy contradicted the limitations suggested in the rheumatologist's RFC opinion, and (4) the absence of objective findings that would measure the extent of the claimant's impairment, given that there are no objective means of doing so for certain impairments such as fibromyalgia." *Beth H.*, 2018 WL 5043774, at *2; *see also Johnson*, 597 F.3d at 411-12.

      Finally, as the commissioner argues in the alternative, *see* Opposition at 17, even assuming that the ALJ erred in finding that any medically determinable fibromyalgia impairment was nonsevere, the plaintiff falls short of demonstrating that the error at Step 2 was harmful. *See, e.g., Bolduc v. Astrue*, Civil No. 09-220-B-W, 2010 WL 276280, at *4 n.3 (D. Me. Jan. 19, 2010) (In this district, "an error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim."). The plaintiff cites her own subjective allegations, as well as Dr. Heap-

Chester's opinion that fibromyalgia contributed to her total disability, for the proposition that she should have been found capable of less than light-level exertional work. *See* Statement of Errors at 3-4; Record at 652. However, the ALJ supportably discounted the plaintiff's subjective allegations and Dr. Heap-Chester's opinion for essentially the same reasons he found any fibromyalgia impairment nonsevere. *See* Record at 25-28.

The plaintiff, hence, fails to demonstrate her entitlement to remand based on error in assessing her claimed fibromyalgia.

## II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 15th day of December, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge